UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA APOSTOLIDIS,

                            Plaintiff,                        11-CV-5664 (JFB) (WDW)

         -against-

JP MORGAN CHASE & CO., *et al.*,

                            Defendants.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF CHASE'S MOTION TO DISMISS

STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
*Attorneys for Defendant, JPMorgan Chase Bank, N.A., sued herein as,
JP Morgan Chase & Co., Frank E. Jaraba, Chris Keel and Nancy Robinson Plaintiff*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY .................................................................................................. 1

A R G U M E N T ................................................................................................................. 2

   POINT I ............................................................................................................................ 2

      PLAINTIFF'S AMENDED COMPLAINT
      FAILS TO IDENTIFY A VIABLE CLAIM ............................................................ 2

   POINT II ........................................................................................................................... 4

      TO THE EXTENT PLAINTIFF IDENTIFIED
      A CLAIM BASED ON THE ELECTRONIC FUNDS TRANSFER
      ACT, HER CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS ......... 4

CONCLUSION ..................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) .................................................................................. 3

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................................... 3, 4

Golden-Koether v. JPMorgan Chase Bank, N.A., 2011 WL 6002979
  (D.N.J. November 29, 2011) .................................................................................................. 6

Houck v. Local Fed. Sav. And Loan, Inc., 1993 WL 191818
  (10th Cir. June 1, 1993) .......................................................................................................... 5

Jones v. National Comm. And Surveillance Networks, 2008 WL 482599
  (2d Cir. February 21, 2008) ................................................................................................ 2, 3

Muto v. CBS Corp., 668 F.3d 53 (2d Cir. 2012) ........................................................................ 4

Overby v. Chase Manhattan Bank, 351 F. Supp. 2d 219 (S.D.N.Y. 2005) ................................ 5

Peters v. Riggs Nat'l Bank, N.A., 942 A.2d 1163, 1171 (D.C. 2008) .................................... 5, 6

Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd.,
  2011 WL 7053807 (E.D.N.Y. Jan. 4 2011) ........................................................................... 3

Springer v. Wachovia Bank, N.A., 2010 WL 427417 (M.D. Fla. 2010) .................................... 5

**Rules and Statutes**

15 U.S.C. § 1693a(6) .................................................................................................................. 5
15 U.S.C. § 1693f(a) ............................................................................................................... 5, 6
15 U.S.C. § 1693m(g) ................................................................................................................ 5
FED. R. CIV. P. 8 ................................................................................................................. 1, 2, 4
FED. R. CIV. P. 10(C) .................................................................................................................. 3
FED. R. CIV. P. 12(b)(6) ...................................................................................................... 1, 2, 4
N.Y.U.C.C. 4A-104 ................................................................................................................ 1, 6
N.Y.U.C.C. 4A-108 ................................................................................................................ 1, 6
N.Y.U.C.C. 4A-505 .................................................................................................................... 6

## PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase & Co., Frank E. Jaraba, Chris Keel and Nancy Robinson ("Chase"), by their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, submit this Memorandum of Law in support of their motion to dismiss pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and for such other and further relief as this court deems just and proper. FED. R CIV. P. 8 & 12(b)(6).

Plaintiff's sole allegation in her complaint claims that her daughter, Penne (also spelled "Penny") Apostolidis ("Penne"), withdrew $147,000.00 from plaintiff's bank account without her authorization. (Compl., p. 3, ¶ III(C).) Plaintiff claims that Chase is liable to her for allegedly permitting the withdrawal to take place. In support of her claim, plaintiff cites to a statute, "15 g 78 g Theft Report Banking," which does not exist. Plaintiff's vague complaint fails to give Chase fair notice of the claims being asserted against it. Furthermore, to the extent that plaintiff alludes to a claim under the Electronic Funds Transfer Act ("EFTA"), or a breach of Article 4A of New York's Uniform Commercial Code ("UCC"), plaintiff's claim is barred by each statute's respective one-year statute of limitations.

## PROCEDURAL HISTORY

On November 16, 2011, plaintiff commenced this action by filing a complaint (the "First Complaint"). On February 8, 2012, this Court advised plaintiff that her First Complaint did not comply with Rule 8 of the FRCP. On February 24, 2012, plaintiff filed an amended complaint ("Amended Complaint") that was virtually identical to the First Complaint, except that it attached a number of documents purportedly supporting plaintiff's claim. The documents did not cure plaintiff's deficient pleading. Consequently, Chase advised this Court that it intended to

proceed with a motion to dismiss in lieu of an answer. On March 5, 2012, this Court issued a scheduling order directing Chase to file a motion to dismiss by April 6, 2012.

Plaintiff's Amended Complaint and attached documents seem to allege that, on August 14, 2009, $147,900.00 was transferred from her Chase checking account, bearing the account number ending in 7501 (the "Account"), into another Chase checking account (ending in 7527) owned jointly by plaintiff's husband and plaintiff's daughter, Penne (the "August 14th Transfer"). The August 14th Transfer appeared on plaintiff's account statement for the period August 11, 2009 through September 9, 2009. (Am. Compl., p. 15, 16.) On March 18, 2010, more than six months after the occurrence of the transfer, plaintiff filed a dispute with Chase claiming that the August 14th Transfer was unauthorized. (Am. Compl., p. 10 "Date of Inquiry: 03/18/2010".) On March 19, 2010, Chase requested additional information from plaintiff to conduct an investigation. (Am. Compl., p. 11.) After conducting an investigation, on April 6, 2010, Chase denied plaintiff's reimbursement request. (Am. Compl., p. 12.)

Defendants now move to dismiss plaintiff's Amended Complaint because it fails to meet the pleading standards of Rule 8 and because it fails to state a claim under Rule 12(b)(6).

## A R G U M E N T

### POINT I

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO IDENTIFY A VIABLE CLAIM

Rule 8 requires a complaint to be "'a short and plain statement of the claim' sufficient to give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Jones v. National Comm. And Surveillance Networks, 2008 WL 482599, at *1 (2d Cir.

February 21, 2008)[1]; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In addition, the Supreme Court has stated that Rule 8 "demands more than just an unadorned, the defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Amended Complaint is precisely the type of accusation alluded to in Iqbal. Id. The Amended Complaint consists of a single allegation that plaintiff was harmed by her daughter's withdrawal of funds without establishing any legal basis or sufficient facts to infer a theory of recovery. The documents attached to plaintiff's Amended Complaint[2] and her reference to a non-existent statute, the "15 g 78 g Theft Report Banking," do not make out a cause of action. (Am. Compl., p. 2.)

Moreover, plaintiff names four defendants, but fails to specify what conduct is attributable to each defendant. (Am. Compl., p. 2, 3.) Complaints that fail to identify clearly which defendants engaged in the alleged conduct giving rise to each cause of action are defective. See Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd., 2011 WL 7053807, at *14 (E.D.N.Y. Jan. 4 2011) ("Rule 8(a) requires that the plaintiffs 'indicate clearly the defendant against whom relief is sought, and the basis upon which relief is sought against the particular defendants.'") (quoting Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 219 (S.D.N.Y. 1997).

This Court gave plaintiff the opportunity to amend her Complaint. However, plaintiff's Amended Complaint still fails to give defendants notice of the claims asserted against them,

---

[1] Cases only published on Westlaw are annexed hereto as Exhibit 1.

[2] The documents attached to plaintiff's Amended Complaint consisted of account statements, police reports and correspondence between plaintiff and Chase regarding plaintiff's claim for reimbursement. Because these documents are attached to the Amended Complaint, they are considered part of the Amended Complaint and may be considered by the Court in a Rule 12(b)(6) motion. See FED. R. CIV. P. 10(C); see also Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)("[T]he court may permissibly consider documents other than the complaint in ruling on a motion under rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.")

preventing defendants from meaningfully responding to the allegations. Defendants should not be required to speculate and defend against all conceivable claims that may be supported under the facts alleged. Therefore, plaintiff's Amended Complaint should be dismissed for failing to identify a viable claim.

## POINT II

### TO THE EXTENT PLAINTIFF IDENTIFIED A CLAIM BASED ON THE ELECTRONIC FUNDS TRANSFER ACT, HER CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

To state a claim upon which relief may be granted, the Supreme Court has held that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 580. In determining a Rule 12(b)(6) motion, a court must accept "as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the plaintiffs." Muto v. CBS Corp., 668 F.3d 53, 56 (2d Cir. 2012). Even assuming all the facts in plaintiff's Amended Complaint are true, the Amended Complaint still fails to state a claim.

As discussed in Point I above, plaintiff fails to identify a claim in her complaint, leaving defendants to speculate as to the claims asserted against them. However, to the extent that plaintiff may have asserted a claim for violations under the Electronic Funds Transfer Act, plaintiff's Amended Complaint fails to state a claim because it is barred by the applicable statute of limitations.

The EFTA applies to the transfer of account funds by electronic means, including ATM transactions, debit cards and telephone transfers. 15 U.S.C. § 1693a(6). The account statement attached to plaintiff's Amended Complaint indicates that the transfer at issue was performed electronically. (Am. Compl., p. 18.) Under the EFTA, plaintiff had the responsibility to notify Chase of an error within sixty days after receiving a statement or documentation of the electronic transfer. 15 U.S.C. § 1693f(a). Overby v. Chase Manhattan Bank, 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005). The August 14th Transaction appeared on plaintiff's statement ending on September 9, 2009. (Am. Compl., p. 15, 16.) Accordingly, plaintiff had sixty days from receipt of the statement to notify Chase of the alleged unauthorized transfer. Since plaintiff first notified Chase of the unauthorized transfer on March 18, 2010, more than six months after the date of the unauthorized transfer, her failure to timely notify Chase bars her claim.

Plaintiff's claim is also barred by the EFTA's one-year statute of limitations that runs "from the date of the occurrence of the violation" 15 U.S.C. § 1693m(g). See also Houck v. Local Fed. Sav. And Loan, Inc., 1993 WL 191818, *3 (10th Cir. June 1, 1993); Overby, 351 F. Supp. 2d at 225. Even if plaintiff did not receive a statement, the one-year statute of limitations would run from the date of notice of the injury, which was, at the latest, March 18, 2010, the day plaintiff filed a dispute with Chase. See Houck v. Local Fed. Sav. And Loan, Inc., 1993 WL 191818, *3 (one-year statute of limitations under EFTA expired when plaintiff knew of transaction, but waited over two years to bring action); Springer v. Wachovia Bank, N.A., 2010 WL 427417, *2 (M.D. Fla. 2010) (action dismissed as EFTA statute of limitations as plaintiffs commenced action more than two years after they were aware of allegedly unauthorized purchases and transfers); Peters v. Riggs Nat'l Bank, N.A., 942 A.2d 1163, 1171-72 (D.C. 2008) (statute of limitations had expired when estate representative not only failed to bring action

within one year of transaction, but failed to bring action within one year after representative began receiving account statements)[3].

For plaintiff to state a viable claim under the EFTA, this action was required to have been commenced by March 18, 2011. Because this action was not commenced until November 16, 2011, approximately eight months after the statute of limitations expired, it is time-barred.

Nor does Article 4A of New York's Uniform Commercial Code apply. That statute, which also governs fund transfers, states that it "does not apply to a funds transfer any part of which is governed" by the EFTA. Consequently, the EFTA is the exclusive remedy for consumers disputing the validity of a funds transfer. N.Y.U.C.C. 4A-104, 4A-108. Nevertheless, even if plaintiff's claims were governed by Article 4A, this statute also has a one-year statute of limitations that begins to run from when the customer is notified of the transfer. N.Y.U.C.C. 4A-505. Because plaintiff had notice of the transfer more than one year before she commenced this action, the statute of limitations under Article 4A has expired.

---

[3] Plaintiff does not seem to allege that Chase violated the EFTA by failing to properly investigate her dispute since the documents attached to her Amended Complaint clearly show that Chase did perform an investigation and notified plaintiff of the result of the investigation. (Am. Compl., pp. 11, 12.) Nevertheless, even if plaintiff did allege a claim for failure to investigate, her claim would also be barred by the one-year statute of limitations, which began to run on April 1, 2010, ten business days after plaintiff notified Chase of the error. See 15 U.S.C. § 1693f(a); see also Golden-Koether v. JPMorgan Chase Bank, N.A., 2011 WL 6002979, at *2 (D.N.J. November 29, 2011) (holding that a claim for improper investigation "begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution.")

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court issue an order dismissing plaintiff's Amended Complaint in its entirety pursuant to FRCP 8 and 12(b)(6), and granting Chase such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
April 6, 2012

>Respectfully submitted,
>
>STAGG, TERENZI, CONFUSIONE
>& WABNIK, LLP
>
>
>By: _____**/s/ Han Sheng Beh**_____
>Thomas E. Stagg
>Han Sheng Beh
>*Attorneys for Defendants*
>401 Franklin Avenue, Suite 300
>Garden City, New York 11530
>(516) 812-4500