UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 11-CV-5664 (JFB) (WDW)
_____

MARIA APOSTOLIDIS,

Plaintiff,

VERSUS

JP MORGAN CHASE & CO., ET AL.,

Defendants.

_____

**MEMORANDUM AND ORDER**
November 2, 2012
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Maria Apostolidis brings this action against JP Morgan Chase & Co. ("JP Morgan"), Chase Bank ("Chase"), Frank E. Jaraba, Chris Keel, and Nancy Robinson (collectively "defendants") alleging that defendants violated banking statutes when someone other than plaintiff, presumably plaintiff's daughter, withdrew around $147,000 from plaintiff's account without plaintiff's authorization.[1] Plaintiff seeks the return of this money and compensatory damages for pain and suffering she suffered as a result of the transaction.

Defendants filed a motion to dismiss plaintiffs' amended complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff has failed to identify a viable claim, and to the extent plaintiff asserts a claim under the Electronic Funds Transfer Act, such a claim must fail because plaintiff failed to comply with the statute and the claim is barred by the statute of limitations.

For the reasons set forth below, the Court grants defendants' motion to dismiss the federal claims. The Court declines to grant plaintiff leave to re-plead her complaint, and declines to exercise supplemental jurisdiction over any potential state law claims.

---

[1] Plaintiff does not specifically state which banking statutes give rise to her claim. In plaintiff's complaint, plaintiff states that the applicable statute is "15q 78q Theft Report Banking" or "15g 78g Theft Report Banking," depending on how the handwriting is interpreted. (Amended Complaint ("Am. Compl.") at 2.)

1

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the amended complaint and are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

The amended complaint alleges that, on August 14, 2009, $147,900 was withdrawn from plaintiff's personal account with Chase without plaintiff's permission. (Am. Compl. at 3, Am. Compl. Documentation at 10, 18, Feb. 24, 2012, ECF No. 14.[2]) Plaintiff was in Greece from August 10, 2009 through August 22, 2009. (Am. Compl. at 3.) When plaintiff did not receive a statement, she went to the bank and "was told that [her] account is minus $147,900.16." (*Id.*)

Plaintiff "went to the DA office [and plaintiff] told them [she] believe[d her] daughter took the money out." (*Id.*) In a supplemental statement filed with plaintiff's amended complaint, plaintiff states,

> [Regardless] of what was going on in my household between my husband who was very sick at the time and was being controlled by my other daughter Penny Apostolidis still no one had [the] right to take my money. Chase had no right to give my money to anyone without speaking to me. I don't understand how Chase allowed this to happen. I asked the bank how did this happen[,] who approved this [-] show me a paper with a [signed] approval[.] [T]hey never provided one piece of paper. Now I ask the [C]ourt if your money was given away what would you have done? I would like to go to trial if I didn't get my money back[,] it was mine and I want it back.

(Am. Compl. Documentation at 5.) Plaintiff filed a report with the Suffolk County Police on March 18, 2010. (*Id.* at 9.)

Plaintiff also contacted Chase on March 18, 2010. (*Id.* at 10.) On March 19, 2010 and March 26, 2010, Chase sent plaintiff two letters requesting additional information regarding her inquiry. (*Id.* at 10, 11.) On April 6, 2010, Chase sent plaintiff a letter informing plaintiff that "research revealed that the transaction(s) was processed correctly or was authorized." (*Id.* at 12.) On April 23, 2010, Chase sent plaintiff a letter that acknowledged the receipt of plaintiff's correspondence and informed plaintiff that it was investigating her concerns. (*Id.* at 13.) On May 4, 2010, Chase sent plaintiff a letter requesting more information, as it was unable to locate any checking or savings accounts in plaintiff's name. (*Id.* at 14.)

### B. Procedural History

Plaintiff filed the complaint in this action on November 16, 2011. On January 24, 2012, defendants filed a letter seeking a pre-motion conference in anticipation of moving to dismiss the complaint. After discussing the motion to dismiss at the pre-motion conference on February 8, 2012, the Court granted plaintiff leave to file an amended complaint and directed defendants to submit a letter after reviewing the amended complaint proposing a date for an answer or informing the Court whether defendants intended to file a motion to dismiss the amended complaint. Plaintiff filed the amended complaint on February 24, 2012.

---

[2] Because plaintiff's amended complaint contains documentation without exhibit numbers, the Court refers to the ECF page numbers for plaintiff's complaint and documentation.

By letter dated February 29, 2012, defendants informed the Court that they intended to proceed with the motion to dismiss. On March 5, 2012, the Court issued an Order setting a briefing schedule for the motion to dismiss. Defendants filed the motion to dismiss in accordance with that schedule on April 6, 2012. Plaintiff did not file an opposition. On July 2, 2012, the Court issued an Order directing plaintiff to submit a letter to the Court on or before July 20, 2012 explaining why plaintiff failed to respond to the motion to dismiss as directed by the Court's March 5, 2012 Order. The July 2, 2012 Order informed plaintiff that failure to respond to the Order would result in the motion to dismiss being considered by the Court without opposition papers. Plaintiff has not filed the letter or filed opposition papers with respect to defendants' motion.

## II. STANDARD OF REVIEW

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 8(a) is "not meant to impose a great burden upon a plaintiff." *Dura Pharms.*, 544 U.S. at 347. As the Second Circuit has observed, "[d]ismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). In such circumstances, a court may dismiss the complaint *sua sponte*. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

In addition, in considering a motion under Rule 8(a), courts should liberally construe the complaint of a *pro se* litigant in his or her favor. *Salahuddin*, 861 F.2d at 42; *see also Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) ("[T]he Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." (citations omitted)).

However, as the Second Circuit has held, Rule 8(a) does not indicate that "[p]laintiffs bear no burden at the pleading stage." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006). Instead, a court retains the power, "[w]hen a complaint does not comply with the requirement that it be short and plain, . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons*, 49 F.3d at 86-87.

B. Rule 12

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert.*

*denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

## III. DISCUSSION

Defendants argue that (1) plaintiff's amended complaint fails to identify a viable claim, and (2) to the extent plaintiff identified a claim based on the Electronic Funds Transfer Act ("EFTA"), plaintiff's claim is barred by the statute of limitations. (Defs.' Br. at 2, 4.) For the reasons set forth below, defendants' motion to dismiss is granted.

### A. Failure to Identify a Viable Claim

Although the Court agrees with defendants that plaintiff has not identified any claims against the individual defendants, the Court construes plaintiff's amended complaint to assert violations of the EFTA against JP Morgan and Chase and analyzes plaintiff's claim against these defendants on the merits. *See Bodley v. Clark*, No. 11 Civ. 8955(KBF), 2012 WL 3042175, at *3 (S.D.N.Y. July 23, 2012) (where plaintiff alleged that bank released money from plaintiff's bank account without his authorization, court "interpret[ed] plaintiff's amended complaint to allege a violation of 15 U.S.C. § 1693(b), the Electronic Funds Transfer Act").

### B. Failure to State a Claim under the EFTA

Defendants argue that, to the extent plaintiff asserts a claim under the EFTA, plaintiff's claim is barred by the statute of limitations. For the reasons set forth below, the Court agrees with defendants and concludes that plaintiff has set forth no basis for equitable tolling with respect to her claims.

#### 1. Applicable Law

The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). "To state a claim under the EFTA, plaintiff must allege that the accounts in question 1) were 'demand deposit, savings deposit, or other asset account[s]'; 2) 'established primarily for personal, family, or household purposes'; and 3) that the unauthorized 'electronic fund transfer' was 'initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.'" *Bodley*, 2012 WL 3042175, at *3 (quoting *Fischer & Mandell LLP v. Citibank*, *N.A.*, No. 09-1160, 2009 WL 1767621, at *3 (S.D.N.Y. June 22, 2009)).

The EFTA requires that "[f]or each electronic fund transfer initiated by a consumer from an electronic terminal, the financial institution holding such consumer's account shall, directly or indirectly, at the time the transfer is initiated, make available to the consumer written documentation of such transfer." 15 U.S.C. § 1693d(a). The EFTA also requires that "[i]f a financial institution, within sixty days after having transmitted to a consumer documentation . . . receives oral or written

5

notice in which the consumer" provides adequate notice of an error "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." 15 U.S.C. § 1693f(a).

An action pursuant to the EFTA must be commenced "within one year from the date of the occurrence of the violation." 15 U.S.C § 1693m(g). With respect to a failure to investigate claim, "'[i]n light of the ten-day statutory period within which a financial institution must provide a response,' the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution." *Golden-Koether v. JPMorgan Chase Bank, N.A.*, No. 11-3586 (MLC), 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011) (citing *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005)).

2. Analysis

Even assuming that plaintiff can sufficiently state claims under the EFTA for failure to provide documentation of the transfer or failure to undertake a proper investigation, plaintiff's claims are barred by the EFTA's statute of limitations.

It is evident from plaintiff's documentation attached to the amended complaint that the disputed withdrawal was set forth in plaintiff's bank statement ending on September 9, 2009. (Am. Compl. Documentation at 15.) As stated *supra*, a plaintiff must notify the financial institution within sixty days of the documentation of the error. Plaintiff does not allege in her amended complaint that she contacted Chase until March 18, 2010. Plaintiff does, however, allege that she never received a statement upon her return from Greece. Even assuming *arguendo* that plaintiff did not receive a bank statement, and that plaintiff's March 18, 2010 report was timely, the statute of limitations still bars plaintiff's claims for the reasons set forth below.

To the extent plaintiff alleges that Chase failed to provide her with documentation of the transfer, plaintiff was aware of this by at least March 18, 2010. Plaintiff's complaint was filed on November 16, 2011, more than one year after that date. As such, this claim is barred by the statute of limitations. *See Houck v. Local Fed. Sav. & Loan, Inc.*, No. 93-6046, 1993 WL 191818, at *1 (10th Cir. June 1, 1993) (affirming dismissal where plaintiff filed complaint over two years after disputing charges with defendant and stating "[t]he applicable Electronic Fund Transfer Act law is clear. According to § 1693m(g), an action must be commenced within one year from the date of occurrence. No court is free to ignore the law made by Congress."); *Springer v. Wachovia Bank, N.A.*, No. 6:09-cv-628-ORL-31DAB, 2010 WL 427417, at *2) (M.D. Fla. Feb. 1, 2010) (dismissing plaintiffs' complaint and stating "[f]urther, the statute of limitations for a violation of the EFTA is one year from the occurrence of the violation. 15 U.S.C. § 1693m(g). From the face of the Third Amended Complaint, the Plaintiffs were aware of the unauthorized transactions no later than November 2007, when they submitted a demand letter to the bank regarding the transactions (after previously providing similar notice to the bank on several occasions, and filing a police report regarding the matter). However, the [plaintiffs] did not file the instant suit until January 2009, more than a year after that date.").

To the extent plaintiff alleges that Chase failed to undertake a proper investigation, this claim is also barred by the statute of

6

limitations. Assuming that the March 18, 2010 complaint was plaintiff's first complaint regarding the unauthorized transfer, the one-year statute of limitations commenced ten business days after plaintiff notified Chase of the error on March 18, 2010. *See Golden-Koether*, 2011 WL 6002979, at \*2. Plaintiff filed her complaint on November 16, 2011, over one year and seven months after the statute of limitations commenced on April 1, 2010. Therefore, any such claim is barred by the statute of limitations.

3. Equitable Tolling

Though plaintiff has not asserted that equitable tolling should apply to her claims, the Court has considered whether plaintiff has set forth a sufficient basis for equitable tolling and concludes that plaintiff has failed to so.

The Court is aware that failure to comply with a statute of limitations is not jurisdictional, and therefore subject to equitable tolling, in appropriate circumstances.[3] *See, e.g.*, *Jefferson v. Kelly*, No. 06-CV-6616 (NGG)(LB), 2008 WL 1840767, at \*4 (E.D.N.Y. Apr. 22, 2008) (noting that statute of limitations for claims including false imprisonment and excessive force under Section 1983 may be subject to the doctrine of equitable tolling (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982))). The deadlines may be equitably tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way from exercising [her] rights." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks and alteration omitted); *see also McCloud v. Cutler*, No. 06 CV 5443(RJD)(LB), 2008 WL 906701, at \*4 ("'Equitable tolling is a rare remedy to be applied in unusual circumstances'" (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000); *see also Smith v. Chase Manhattan Bank*, No. 97-CV-4507 (LMM), 1998 WL 642930, at \*3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Even assuming that March 18, 2010 is the operative date for the commencement of the statute of limitations, plaintiff has failed to set forth evidence that plaintiff acted with reasonable diligence during the relevant time period, and plaintiff has failed to set forth evidence that extraordinary circumstances exist in this case. *Cf. O'Donnell v. Wachovia Bank*, No. 09-61185-CIV, 2010 WL 1416986, at \*4 (S.D. Fla. Apr. 7, 2010) (finding EFTA's statute

---

[3] The Court is also aware of the Fifth Circuit's decision in *Wike v. Vertue, Inc.*, in which the court declined to decide whether the EFTA permits equitable tolling. 566 F.3d 590, 596 (5th Cir. 2009) ("Whether EFTA incorporates a discovery rule or permits equitable tolling are matters for another day."). As discussed *infra*, the Court concludes that even if equitable tolling is permissible under the EFTA, plaintiff has failed to demonstrate that equitable tolling is applicable in the instant case.

of limitations equitably tolled where plaintiff alleged that because of defendant's actions, plaintiff was left destitute and unable to return to the United States for a period of time). It is evident from the materials accompanying plaintiff's complaint that plaintiff participated in an active dialogue with defendants after March 2010. Plaintiff has not alleged that there was anything preventing her from filing this lawsuit within one year after March 2010. In addition, plaintiff has failed to oppose defendants' motion with additional information explaining the delay in filing this lawsuit. As such, equitable tolling does not apply.

C. Potential State Law Claims

The defendants also argue that any potential state law claims asserted by plaintiff are also barred by the statute of limitations. (Defs.' Br. at 6.) However, having determined that plaintiff's federal claims against the defendants do not survive the defendants' motion to dismiss, the Court concludes that retaining jurisdiction over any potential state law claims is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); s*ee also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). The Court, in its discretion, concludes that the interests of efficiency and judicial economy are not sufficient in this case to warrant exercising supplemental jurisdiction over the state law claims. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the potential state law claims given the absence of any federal claim that survives the motion to dismiss and dismisses any such claims without prejudice.

IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to re-plead her amended complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead her federal claims. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend

the pleading in this case would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). As discussed in detail *supra,* it is clear from the amended complaint that plaintiff does not have any possibility of asserting plausible federal claims because dismissal is not based upon pleading deficiencies, but rather the applicable statute of limitations which cannot be remedied by any amendments. Thus, where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g.*, *Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claims without leave to amend because, *inter alia,* certain defendants were not state actors and "[a]ny amendment would be futile"); *Wilson v. Wilson-Poison*, No. 09 Civ. 9810(PGG), 2010 WL 3733935, at *10 (S.D.N.Y. Sept. 23, 2010) (leave to amend unwarranted because, *inter alia,* plaintiff could not allege state action under Section 1983).

In addition, plaintiff has not requested an opportunity to re-plead or even responded to defendants' motion to dismiss, and plaintiff has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g.*, *Ackerman v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.").

Finally, plaintiff has been given ample opportunity to allege a claim and has failed to do so. In response to the defendants' pre-motion letter requesting leave to file a motion to dismiss, plaintiff requested leave to amend. However, plaintiff's amended complaint is still defective. Plaintiff did not respond to defendants' motion to dismiss or the Court's Order directing plaintiff to explain her failure to respond. Under these circumstances, the Court declines to grant plaintiff yet another opportunity to re-plead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim" (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead."))).

## V. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss plaintiff's federal claims with prejudice. To the extent plaintiff asserts state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction and these claims are dismissed without prejudice. Leave to amend the amended complaint is denied. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    November 2, 2012
          Central Islip, NY

\* \* \*

Plaintiffs is proceeding *pro se*. Defendants are represented by Han Beh and Thomas E. Stagg, Stagg, Terenzi, Confusione & Wabnik, LLP, 401 Franklin Avenue, Suite 300, Garden City, NY 11530.